UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

REGINALD MCMILLAN,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, ET AL.

                              Defendants.

---------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

04 CV 3990 (FB)(RML)

        **WHEREAS**, plaintiff has requested that the City of New York disclose the names, addresses and telephone numbers of the three civilian witnesses identified by the Civilian Complaint Review Board ("CCRB") in its investigation of case #200402532, who were allegedly transported with plaintiff in a prisoner van; and

        **WHEREAS**, defendants deem this information and these documents confidential; and

        **WHEREAS**, defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

        1.    As used herein, "Confidential Materials" shall mean the names and addresses of the three civilian witnesses identified by the Civilian Complaint Review Board ("CCRB") in its investigation of case #200402532 and any other documents or information that the defendants may in the future in good faith deem "Confidential Materials" pursuant to this Order because of privacy, law enforcement or government interests, except that such documents

and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents or information "Confidential Materials" by labeling such documents or information "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiffs' counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents or information sought by subpoena from third parties, and such documents or information, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents or information confidential pursuant to this agreement if necessary after production of such documents or information to the plaintiff. If plaintiff objects to the designation of particular documents or information as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Reginald McMillan v. City of New York, et al.</u>, 04 CV 3990 (FB)(RML) ("this action").

4. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

NYC LAW DEPARTMENT        Fax:212-788-1915        Jan  3 2006  15:31        P. 03

b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiffs may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and copies provided to counsel for defendants.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such

NYC LAW DEPARTMENT          Fax:212-788-1915          Jan 3 2006 15:32          P. 04

testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons

- 4 -

D 7

who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

9.  Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

10. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated:   New York, New York
         January 3, 2006

Rose M. Weber
Attorney for Plaintiff
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355

By: /s/ Rose M. Weber
    ROSE WEBER, ESQ. (RW 0515)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 3-201
New York, New York 10007
(212) 442-8600

By: /s/ Sabrina Tann
    SABRINA TANN (ST 2552)
    Assistant Corporation Counsel

SO ORDERED:

UNITED STATES MAGISTRATE JUDGE
1/26/06

NYC LAW DEPARTMENT    Fax:212-788-1915    Jan 3 2006 15:32    P. 06

EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York on _____, 200__ in the action entitled <u>Reginald McMillan v. City of New York, et al.</u>, 04 CV 3990 (FB)(RML), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation

NYC LAW DEPARTMENT    Fax:212-788-1915    Jan 3 2006 15:32    P.07



RECEIVED
In Chambers of:
U.S Magistrate Judge
ROBERT LEVY
JAN 2 5 2006

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SABRINA TANN
Phone: (212) 442-8600
Fax: (212) 788-9776
stann@law.nyc.gov

January 24, 2006

**BY HAND DELIVERY**
The Honorable Robert M. Levy
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Reginald McMillan v. City of New York et al.</u>, 04 CV 3990 (FB) (RML)

Your Honor:

    As the Assistant Corporation Counsel assigned to the defense of the above-referenced action, I respectfully enclose for Your Honor's endorsement a Stipulation and Protective Order signed by the parties.

    The parties thank the Court for its assistance in this regard.

Respectfully submitted,

Sabrina Tann (ST 2552)
Assistant Corporation Counsel
Special Federal Litigation Division

Enc.

cc:    Rose Weber, Esq.
        Attorney for Plaintiff
        (By facsimile w/o enclosure)